THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES VITUSKY, Appellant.

First Department, July 11, 1912.*

Crime — dismissal of appeal — failure to serve printed case — Code Criminal Procedure, section 458.

An appeal from a judgment entered on a verdict convicting a defendant of a crime not punishable by death will be dismissed where no printed case has been served, unless the appellant, pursuant to section 458 of the Code of Criminal Procedure, prints and serves the judgment roll, including the minutes of the trial filed by the stenographer, although the attorneys for the parties had agreed that a bill of exceptions should be served containing so much of the evidence as presents a certain question of law to which an exception had been taken.

MOTION to dismiss appeal for failure to serve a printed case.

*Opinion received by reporter January 8, 1913.— [REP.

*Robert C. Taylor, Assistant District Attorney*, for the motion.

*K. Henry Rosenberg*, opposed.

PER CURIAM :

The defendant was convicted of attempted extortion, and served his notice of appeal on February 24, 1912. A certificate of reasonable doubt was granted by Judge BISCHOFF on April 1, 1912. It has been agreed between the attorney for the appellant and the district attorney that a bill of exceptions should be served which would contain so much of the evidence of the proceedings upon the trial as to present one question of law to which an exception was taken, which apparently was the reading of the testimony of a deceased witness. By section 458 of the Code of Criminal Procedure (as amd. by Laws of 1911, chap. 667) upon an appeal from a judgment convicting a defendant of a crime not punishable by death after a trial of an issue of fact the appeal must be heard upon a judgment roll including a copy of the minutes of the trial filed as prescribed by section 456 of the Code of Criminal Procedure. By section 542 of the Code of Criminal Procedure the court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties, and under this section, although there is an exception which presents error, the court is not authorized to reverse the judgment unless it can see that the exceptions do affect the substantial rights of the defendant. We, therefore, think the judge who tried the case was correct in refusing to sign the bill of exceptions and if the defendant wishes to prosecute the appeal he must print the judgment roll which includes the minutes of the trial filed by the stenographer. As it is clear, however, that the default was not intentional, but because of the doubt about the construction of the amendment to section 458 of the Code of Criminal Procedure, the motion will be granted unless the record is printed, filed and served so that the case can be placed on the calendar by the first day of the October term.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, MILLER and DOWLING, JJ.

Motion to dismiss appeal granted unless appellant comply with terms stated in order.